762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
DAVI KAMIN, MICHAEL AMES, DEFENDANTS-APPELLANTS.
 NO. 84-1309, 84-1310
 United States Court of Appeals, Sixth Circuit.
 3/1/85
 
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL and KEITH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants David Kamin and Michael Ames appeal their convictions for mail fraud in violation of 18 U.S.C. Sec. 1341 entered in the United States District Court for the Eastern District of Michigan. Appellants claim that their convictions were not supported by sufficient evidence, that the trial court erroneously denied Kamin's motion for a bill of particulars, and that there was an improper, material variance between the indictment and the proofs at trial.
 
 
 2
 Kamin, Ames, and Darrell Bell (not a party herein) were indicted by a grand jury on October 7, 1983 on 37 counts of mail fraud. The indictment charged that the defendants had devised and implemented a scheme to defraud Blue Cross/Blue Shield of Michigan ('Blue Cross'). Kamin, a licensed chiropractor, operated the New Center Clinic in Detroit. Ames was employed at the clinic. According to the government, Bell operated a business known as 'Data Analysts' for Kamin and through that business, placed advertisements in the Detroit newspapers soliciting laid-off auto workers to participate in a survey. Persons who responded to the survey ads were allegedly paid $7.00 per hour to complete a survey questionnaire and undergo unnecessary physical examinations and other medical tests at the New Center Clinic. In addition, the government asserts that, for a fee, defendants falsified 'work slips,' which excused auto workers from their employment on medical grounds, and then performed unnecessary medical tests on these 'work slip' patients. The government claims that defendants reported fictitious diagnoses for both survey patients and 'work slip' patients to fraudulently obtain reimbursement from Blue Cross. Finally, the indictment charged that the defendants caused Blue Cross to mail 37 checks to them in furtherance of their scheme to defraud and thereby committed 37 violations of 18 U.S.C. Sec. 1341.
 
 
 3
 Before trial Kamin made a motion for a bill of particulars. The district court denied the motion, and the case proceeded to a bench trial before Judge Churchill of the United States District Court for the Eastern District of Michigan. At the close of the government's proofs, Kamin moved for a judgment of acquittal. Judge Churchill denied the motion but subsequently ordered the government to elect to dismiss certain counts which were duplicitous because they involved only one mailing. The government dismissed 13 counts. On February 22, 1984, Judge Churchill found Kamin and Ames guilty of 23 of the remaining 24 counts. Kamin was sentenced to two years imprisonment on 6 counts to run concurrently and two years imprisonment on the other 17 counts to run concurrently with each other but consecutively to the first two-year sentence. Kamin was also fined $25,000. Ames was sentenced to one year imprisonment on each count to run concurrently. These appeals followed.
 
 
 4
 On appeal, Kamin and Ames both argue that the government presented insufficient evidence to convict. They also contend that the indictment was inadequate to advise them of the nature of charges against which they had to defend. They claim, therefore, that the trial court's denial of Kamin's motion for a bill of particulars was erroneous and resulted in prejudicial surprise at trial. Finally, appellants urge reversal on the grounds that the proofs at trial varied materially from the allegations of the indictment, and that this variance resulted in their conviction on counts on which they were not properly indicted and prejudiced their defense of the other counts.
 
 
 5
 Upon consideration of the record as a whole and of the briefs and oral argument of the parties' counsel, we are of the opinion that no error intervened here to deprive the defendants of their right to a fair trial, and that the evidence was fully sufficient to support the convictions of both Kamin and Ames following the non-jury trial in this case.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.